EDNA PAGE SMITH, Appellant from decree of Judge of Probate, estate of EDWARD P. PAGE.

Somerset.    Opinion November 2, 1910.

*Descent and Distribution.   Allowance to Widow.   Mistake of Law.   Effect of Such Mistake.   Revised Statutes, chapter 65, section 33 ; chapter 67, section 14 ; chapter 77, section 18.*

1.  One must, himself, bear the consequences of his mistaken opinion upon a question of law, and even of his acceptance of the erroneous opinion of others who he had reason to believe knew the law.

2.  Under Revised Statutes, chapter 77, section 18, the widow of a deceased intestate is entitled, upon distribution of the personal estate, to one-third of the net balance after payment of the debts, etc., and not to one-third of the gross estate.

3.  The fact that upon the denial of her petition for an allowance under Revised Statutes, chapter 67, section 14, the widow was induced to acquiesce, and not appeal, by opinions, expressed to her by the judge of probate and by counsel for the heirs, that upon distribution she would be entitled to one-third of the gross estate, does not authorize the court to deprive the heirs of any part of their legal rights or shares in the estate under the statute of distribution.

On report.   Decree reversed and case remitted to Probate Court.

Appeal from the decree of distribution of the personal estate of Edward P. Page, deceased intestate, made by the Judge of Probate, Somerset County, wherein he decreed that Lizzie M. Page, widow of said deceased, was entitled to "1-3 of personal property free from payment of debts of intestate, $21,308.67" while the balance was decreed in equal shares to Blin W. Page and Edna Page Smith, the two children of the deceased.   The appeal was duly entered in the Supreme Court of Probate, the evidence taken out, and the case then reported to the Law Court for determination.

The case is stated in the opinion.

*Walton & Walton, and Butler & Butler,* for Edna Page Smith.
*Forrest Goodwin,* for Lizzie M. Page, widow and administratrix.

SITTING: EMERY, C. J., SAVAGE, PEABODY, SPEAR, CORNISH, KING, JJ.

EMERY, C. J. After the estate of Edward P. Page, deceased intestate, had been settled and the balance left in the hands of the administratrix, after payment of debts and expenses, had been ascertained, the judge of probate upon due petition and notice made a decree for distribution of the balance to the widow and children of the deceased. In his decree he awarded the widow a share equivalent to one-third of the gross personal estate before deducting debts paid, etc., instead of one-third of the net balance in the hands of the administratrix. One of the children thereupon entered this appeal to the Supreme Court of Probate.

Clearly, as practically admitted by counsel, there was error in the decree. The widow was entitled upon distribution to only one-third of the net balance in the hands of the administratrix after paying the debts, etc., R. S., ch. 77, sec. 18. *Fogg, Appellant*, 105 Maine, 480.

Nevertheless, the widow contends that the decree should be affirmed because of the following circumstances: A year or more previous to the final settlement of the estate she petitioned for a widow's allowance out of the personal property under R. S., ch. 67, sec. 14. At the hearing upon that petition both the widow and the heirs were present with counsel. The judge of probate, being then of the opinion that the widow would be entitled to one-third of the gross estate upon distribution instead of one-third of the net balance only, granted her a much smaller allowance than he otherwise would, and he so stated to the parties at the time. This opinion seems to have been shared by counsel for both parties. At least no dissent was expressed. Believing, from the judge's uncontradicted statement of the law in the presence of both counsel, that upon final settlement and distribution she would be entitled to one-third of the gross estate as stated, the widow did not appeal as, but for that assurance and belief, she would have done.

It should need no argument, or citation of authorities, to demonstrate that the children cannot now be forced to yield to the widow

any of their legal rights or shares in the estate because of her mistaken views of the law, even though that mistake was owing to expressions of opinion as to the law by the judge of probate or by their counsel. She must, herself, bear the consequences of her mistake, and even of her acceptance of the erroneous opinion of others who she had reason to believe knew the law. The court is now sitting as the Supreme Court of Probate and, whatever the hardship to the widow and even the seeming inequity, the court must award the children their legal rights and shares in the estate as fixed by the statute. This is what "law and justice require." (R. S., ch. 65, sec. 33.)

> *Decree below reversed. New decree to be made in accordance with this opinion and for costs of appeal, and case then remitted to the probate court for further proceedings.*